942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard T. REMLEY, Plaintiff-Appellant,
Raymond O. Connor, Plaintiff,
v.
Douglas STRUTHERS, et al., Defendants-Appellees.
 No. 90-15612.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1991.*
Decided Aug. 22, 1991.
 
 Before FARRIS, ALARCON and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernard T. Remley appeals pro se the district court's denial of his motions for a preliminary injunction in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 In February 1990, Remley filed this section 1983 action against several state court judges and other law enforcement officials in Douglas County, Nevada. Remley's complaint alleged numerous violations of his constitutional rights stemming from his arrest and prosecution on criminal charges in state court. In April 1990, Remley filed four different motions seeking injunctive relief to stop an ongoing state court civil action brought against him by his former employer. The district court denied each of the motions.
 
 
 4
 A motion for a preliminary injunction can be granted only if the movant satisfies one of the two alternative tests set forth by this court:
 
 
 5
 The first test requires that a court find (1) the moving party will suffer irreparable injury if the injunctive relief is not granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest.... The second test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips sharply in his favor.
 
 
 6
 City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir.1985) (citations omitted). Here, the district court did not err in denying Remley's motions. He failed to satisfy either of these standards for injunctive relief.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4. Accordingly, Remley's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Remley's June 14, 1991 motion for judicial notice is denied